CORTÉS BROTHERS & Co., Plaintiff and Appellant, *v.* FRANCISCO MENÉNDEZ BALBANY ET AL., Defendants and Appellees.

No. 4392.   Argued April 26, 1929.—Decided July 9, 1929.

*Dubón & Ochoteco* for the appellant. *Francisco M. Cadilla* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

In an action brought by Francisco Menéndez and Juan Prieto against José del Carmen Martínez an attachment was levied on January 27, 1927, on a tobacco crop which the defendant has as lessee on a certain property, and a third . person was appointed custodian of the said crop.

On the following day defendant Martínez and the firm of Cortés Brothers entered into an agricultural financing contract by which the firm agreed to furnish Martínez up to the sum of $500 for the cultivation of the tobacco in weekly payments as might be needed, it being stipulated that the said credit would bear interest at the rate of 12 per cent annually and be paid on June 30, 1927, which was the date set for the expiration of the contract.

That contract was recorded in the registry of agricultural contracts on February 10, 1927, shortly after it had been entered into, and five days later Cortés Brothers and Co. brought an action against Menéndez and Prieto by reason of the said contract, alleging that it had delivered to Martínez $331.63, that the tobacco had been attached at the instance of Menéndez and Prieto, who had refused to comply with a demand to acknowledge a preference in favor of its financing credit, wherefore it prayed for judgment declaring that the financing credit of the plaintiff firm has preference over the lien of the defendants on the said tobacco.

The defendants opposed the claim and the action terminated in a judgment dismising the complaint, from which this appeal was raised.

It appears from the facts stated that when the complaint of the appellant was filed on February 15, 1927, the day set for the liquidation of the financing credit had not arrived so as to give the lender a right to demand payment of what-

ever sum might be due by the maturity of the obligation fixed for June 30, 1927, and that the complaint alleges no act of the defendants toward the public sale of the attached crop for the recovery of their credit, nor even that adverse judgment had been rendered in the action in which the attachment was levied. Therefore, we understand that the complaint in this suit has no basis for a determination of the question of preference of credit and that what is sought is to settle an abstract question and establish a rule by which the appellees may secure the sale of the tobacco crop without the existence of a real issue as between the parties. *Bianchi* v. *Pierazzi*, 25 P.R.R. 587; 1 R.C.L. 317.

For the foregoing reasons the judgment dismissing the complaint must be affirmed.